1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

SAN JOSE DIVISION

9

| | |
|---|---|
| RILEY WINE CORPORATION d/b/a BLACKBURN WINE COMPANY,, | Case No. C11-04388 PSG |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| VINTAGE WINE ESTATES, INC. and TRADER JOE'S COMPANY, | |
| Defendants. | |

16 **1.   PURPOSES AND LIMITATIONS**

17       Disclosure and discovery activity in this action are likely to involve production of

18 confidential, proprietary, or private information for which special protection from public

19 disclosure and from use for any purpose other than prosecuting this litigation would be

20 warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the

21 following Stipulated Protective Order.  The parties acknowledge that this Order does not confer

22 blanket protections on all disclosures or responses to discovery and that the protection it affords

23 extends only to the limited information or items that are entitled under the applicable legal

24 principles to treatment as confidential.  The parties further acknowledge, as set forth in Section

25 10, below, that this Stipulated Protective Order creates no entitlement to file confidential

26 information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and

27 reflects the standards that will be applied when a party seeks permission from the court to file

28                                    1

1   material under seal.

2   **2.**     **DEFINITIONS**

3         2.1     <u>Party</u>: any party to this action, including all of its officers, directors, employees,

4   consultants, retained experts, and outside counsel (and their support staff).

5         2.2     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the

6   medium or manner generated, stored, or maintained (including, among other things, testimony,

7   transcripts, or tangible things) that are produced or generated in disclosures or responses to

8   discovery in this matter.

9         2.3     <u>"Confidential" Information or Items</u>: information (regardless of how generated,

10   stored or maintained) or tangible things that qualify for protection under standards developed

11   under F.R.Civ.P. 26(c).

12         2.4     <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u> extremely

13   sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty

14   would create a substantial risk of serious injury that could not be avoided by less restrictive

15   means.

16         2.5     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

17   Producing Party.

18         2.6     <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery

19   Material in this action.

20         2.7     <u>Designating Party</u>: a Party or non-party that designates information or items that it

21   produces in disclosures or in responses to discovery as "Confidential."

22         2.8     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

23   "Confidential," or "Highly Confidential -- Attorneys' Eyes Only."

24         2.9     <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained

25   to represent or advise a Party in this action.

26         2.10     <u>House Counsel</u>: attorneys who are employees of a Party.

27         2.11     <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as

28                   2

their support staffs).

2.12   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

The provisions of this Stipulated Protective Order shall not apply to evidence presented at court proceedings nor otherwise restrict any Party from introducing Protected Material as evidence at trial.  A Party may seek a protective order prior to trial with respect to testimony containing Protected Material that may be offered at trial or specific documents containing Protected Material that may be marked as exhibits at trial in order to maintain the continued confidentiality of such information.

**4.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

3

1    A Designating Party must take care to designate for protection only those parts of material,

2    documents, items, or oral or written communications that qualify - so that other portions of the

3    material, documents, items, or communications for which protection is not warranted are not

4    swept unjustifiably within the ambit of this Order.

5            Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

6    shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

7    unnecessarily encumber or retard the case development process, or to impose unnecessary

8    expenses and burdens on other parties), expose the Designating Party to sanctions.

9            If it comes to a Party's or a non-party's attention that information or items that it

10   designated for protection do not qualify for protection, that Party or non-party must promptly

11   notify all other parties that it is withdrawing the mistaken designation.

12           5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order

13   (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

14   material that qualifies for protection under this Order must be clearly so designated before the

15   material is disclosed or produced.

16           Designation in conformity with this Order requires:

17           (a)     for information in documentary form (apart from transcripts of depositions

18   or other pretrial or trial proceedings), that the Producing Party affix the legend

19   "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on each

20   page that contains protected material in a manner which will not interfere with its legibility.  If

21   only a portion or portions of the material on a page qualifies for protection, the Producing Party

22   also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

23   margins).

24           A Party or non-party that makes original documents or materials available for inspection

25   need not designate them for protection until after the inspecting Party has indicated which

26   material it would like copied and produced.  During the inspection and before the designation, all

27   of the material made available for inspection shall be deemed CONFIDENTIAL.  After the

28                                           4

inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     for testimony given in deposition, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall

5

1  identify the protected portions.

2  **5.3    INADVERTENT FAILURES TO DESIGNATE. IF TIMELY**
3  **CORRECTED, AN INADVERTENT FAILURE TO DESIGNATE QUALIFIED**
4  **INFORMATION OR ITEMS AS "CONFIDENTIAL," OR "HIGHLY CONFIDENTIAL**
5  **-- ATTORNEYS' EYES ONLY" DOES NOT, STANDING ALONE, WAIVE THE**
6  **DESIGNATING PARTY'S RIGHT TO SECURE PROTECTION UNDER THIS ORDER**
7  **FOR SUCH MATERIAL. IF MATERIAL IS APPROPRIATELY DESIGNATED AS**
8  **"CONFIDENTIAL," OR "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY"**
9  **AFTER THE MATERIAL WAS INITIALLY PRODUCED, THE RECEIVING PARTY,**
10 **ON TIMELY NOTIFICATION OF THE DESIGNATION, MUST MAKE REASONABLE**
11 **EFFORTS TO ASSURE THAT THE MATERIAL IS TREATED IN ACCORDANCE**
12 **WITH THE PROVISIONS OF THIS ORDER.**

13 **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

14 6.1    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's
15 confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary
16 economic burdens, or a later significant disruption or delay of the litigation, a Party does not
17 waive its right to challenge a confidentiality designation by electing not to mount a challenge
18 promptly after the original designation is disclosed.

19 6.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating
20 Party's confidentiality designation must do so in good faith and must begin the process by
21 conferring directly (in voice to voice dialogue; other forms of communication are not sufficient)
22 with counsel for the Designating Party. In conferring, the challenging Party must explain the
23 basis for its belief that the confidentiality designation was not proper and must give the
24 Designating Party an opportunity to review the designated material, to reconsider the
25 circumstances, and, if no change in designation is offered, to explain the basis for the chosen
26 designation. A challenging Party may proceed to the next stage of the challenge process only if it
27 has engaged in this meet and confer process first.

28

6

1    6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality

2    designation after considering the justification offered by the Designating Party may file and serve

3    a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

4    that identifies the challenged material and sets forth in detail the basis for the challenge.  Each

5    such motion must be accompanied by a competent declaration that affirms that the movant has

6    complied with the meet and confer requirements imposed in the preceding paragraph and that

7    sets forth with specificity the justification for the confidentiality designation that was given by

8    the Designating Party in the meet and confer dialogue.

9    The burden of persuasion in any such challenge proceeding shall be on the Designating

10   Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

11   question the level of protection to which it is entitled under the Producing Party's designation.

12   **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

13   7.1    <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed

14   or produced by another Party or by a non-party in connection with this case only for prosecuting,

15   defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

16   to the categories of persons and under the conditions described in this Order.  When the litigation

17   has been terminated, a Receiving Party must comply with the provisions of section 11, below

18   (FINAL DISPOSITION).

19   Protected Material must be stored and maintained by a Receiving Party at a location and

20   in a secure manner that ensures that access is limited to the persons authorized under this Order.

21   7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>  Unless otherwise

22   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

23   disclose any information or item designated CONFIDENTIAL only to:

24   (a)    the Receiving Party's Outside Counsel of record in this action, as well as

25   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

26   litigation;

27   (b)    the officers, directors, and employees (including House Counsel) of the

28                                                     7

1 Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

2 signed the "Agreement to Be Bound by Protective Order" (Exhibit A");

3    (c)    experts (as defined in this Order) of the Receiving Party to whom

4 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

5 Bound by Protective Order" (Exhibit A);

6    (d)    the Court and its personnel;

7    (e)    court reporters, their staffs, and professional vendors to whom disclosure

8 is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

9 Protective Order" (Exhibit A");

10    (f)    during their depositions, witnesses in the action to whom disclosure is

11 reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

12 (Exhibit A"). Pages of transcribed deposition testimony or exhibits to depositions that reveal

13 Protected Material must be separately bound by the court reporter and may not be disclosed to

14 anyone except as permitted under this Stipulated Protective Order;

15    (g)    the author or recipient of a document containing the information or a

16 custodian or other person who otherwise possessed or knew the information.

17    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

18 Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

19 Designating Party, a Receiving Party may disclose any information or item designated HIGHLY

20 CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

21    (a)    the Receiving Party's Outside Counsel of record in this action, as well as

22 employees of said Counsel to whom it is reasonably necessary to disclose the information for his

23 litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached

24 hereto as Exhibit A;

25    (b)    House Counsel of a Receiving Party (1) who has no involvement in

26 competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation,

27 and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

28

8

Stipulated Protective Order

C11-04388 PSG

1            (c)    Experts (as defined in this Order) (1) to whom disclosure is reasonably

2 necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective

3 Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 4, below, have been

4 followed;

5            (d)    the Court and its personnel;

6            (e)    court reporters, their staffs, and professional vendors to whom disclosure

7 is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

8 Protective Order" (Exhibit A); and

9 (f)    the author of the document or the original source of the information.

10        7.4    Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –

11 ATTORNEYS' EYES ONLY" Information or Items to "Experts"

12            (a)    Unless otherwise ordered by the court or agreed in writing by the

13 Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

14 information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

15 EYES ONLY" first must make a written request to the Designating Party that (1) identifies the

16 specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to

17 disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her

18 primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's

19 current employer(s), (5) identifies each person or entity from whom the Expert has received

20 compensation for work in his or her areas of expertise or to whom the expert has provided

21 professional services at any time during the preceding five years, and (6) identifies (by name and

22 number of the case, filing date, and location of court) any litigation in connection with which the

23 Expert has provided any professional services during the preceding five years.

24            (b)    A Party that makes a request and provides the information specified in the

25 preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

26 within seven court days of delivering the request, the Party receives a written objection from the

27 Designating Party. Any such objection must set forth in detail the grounds on which it is based.

28                                      9

(c)      A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

10

1   caused the subpoena or order to issue.

2      The purpose of imposing these duties is to alert the interested parties to the existence of

3   this Protective Order and to afford the Designating Party in this case an opportunity to try to

4   protect its confidentiality interests in the court from which the subpoena or order issued.  The

5   Designating Party shall bear the burdens and the expenses of seeking protection in that court of

6   its confidential material - and nothing in these provisions should be construed as authorizing or

7   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8   **9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

10  Material to any person or in any circumstance not authorized under this Stipulated Protective

11  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

12  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

13  (c) inform the person or persons to whom unauthorized disclosures were made of all terms of this

14  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement

15  to be Bound" that is attached hereto as Exhibit A.

16  **10.    FILING PROTECTED MATERIAL**

17     Without written permission from the Designating Party or a court order secured after

18  appropriate notice to all interested persons, a Party may not file in the public record in this action

19  any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

20  with Civil Local Rule 79-5.

21  **11.    FINAL DISPOSITION**

22     Within 60 days after the final disposition of this action, each Receiving Party must return

23  all Protected Material to the Producing Party or destroy such material.  As used in this

24  subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and

25  any other format reproducing or capturing any of the Protected Material.  Whether the Protected

26  Material is returned or destroyed, the Receiving Party must submit a written certification to the

27  Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day

28                                                11

1  deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

2  returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

3  abstracts, compilations, summaries or any other format reproducing or capturing any of the

4  Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival

5  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

6  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

7  consultant and expert work product, even if such materials contain Protected Material.  Any such

8  archival copies that contain or constitute Protected Material remain subject to this Protective

9  Order as set forth in Section 4.

10  **12.    MISCELLANEOUS**

11      12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to

12  seek its modification by the Court in the future.

13      12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective

14  Order no Party waives any right it otherwise would have to object to disclosing or producing any

15  information or item on any ground not addressed in this Stipulated Protective Order.  Similarly,

16  no Party waives any right to object on any ground to use in evidence of any of the material

17  covered by this Protective Order.

18      12.3    Right to a Party's Own Materials.  Nothing in this Stipulated Protective Order

19  shall prevent any Party from using or disclosing its own materials or information, regardless of

20  whether designed as CONFIDENTIAL.

21  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

22

23                                  DICKENSON, PEATMAN & FOGARTY

24  Dated: ___12/14/11___       By: _____
                                     J. Scott Gerien (SBN 184728
25                                   Alison R. Clark (SBN 261643)

26                                  800 Coombs Street
                                    Napa, California 94559
27                                  Telephone:  707-252-7122

28                                       12

Facsimile:  707-255-6876
sgerien@dpf-law.com
aclark@dpf-law.com

Dated:  **12/14/11**

OWEN, WICKERSHAM & ERICKSON, P.C.

By: _____
Lawrence G. Townsend (SBN 88184)
Linda Joy Kattwinkel (SBN 164283)

455 Market Street, Suite 1910
San Francisco, California  94105
Telephone: 415-882-3200
Facsimile: 415-882-3232
ltownsend@owe.com
ljk@owe.com

Attorneys for Defendants Vintage Wine Estates, Inc. and
Trader Joe's Company

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  12/27/11

Hon. Paul S. Grewal
United States District Court

13

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on _____ [date] in the case of *Riley Wine*

*Corporation dba Blackburn Wine Company v. Vintage Wine Estates, Inc. and Trader Joe's*

*Company*, Case No. CV11-04388 PSG.  I agree to comply with and to be bound by all the terms

of this Stipulated Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that

I will not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

`S:\1Clients\VINWES\70001\Pleadings\StipulatedProtectiveOrder.wpd

14

Stipulated Protective Order                                                                                    C11-04388 PSG